IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM EDWARDS,<br><br>　　　　　　　　Defendant. | Case No. 95 CR 508-5<br><br>Hon. Harry D. Leinenweber |

**MEMORANDUM OPINION AND ORDER**

Defendant has filed three motions that bear different captions but seek the same remedy: an Order from the Court indicating that his participation in the Inmate Financial Responsibility Program (the "IFRP") is voluntary. *See,* ECF Nos. 1049, 1062, 1063. For the reasons stated herein, the Court has jurisdiction to hear these motions and grants them to the extent discussed herein. The Court's previous orders are modified to reflect that Edwards is encouraged but not required to participate in the IFRP.

## I. BACKGROUND

For his role in the street gang known as the Gangster Disciples, Defendant William Edwards is serving a life sentence that was imposed by this Court on June 1, 2000. At his sentencing hearing, in addition to sentencing Edwards to his term of imprisonment, the Court imposed a fine of $10,000 and ordered

Edwards "to pay that fine over the term of imprisonment by participating in the Inmate Financial Responsibility Program." The conviction and sentence were affirmed on direct appeal. *United States v. Hoover*, 246 F.3d 1054, 1062 (7th Cir. 2001). Since his case ended, Edwards has filed a number of other motions and petitions, none of which are relevant here. Currently, Edwards is in federal custody at the correctional institution located in Pekin, Illinois.

The Bureau of Prisons ("BOP") is charged with assisting inmates in developing plans to meet their financial obligations. 28 C.F.R. § 545.10. The BOP accomplishes this task, in part, through the IFRP. Participation in the IFRP is strictly voluntary, and while an inmate in BOP custody may lose certain privileges by not participating, "the inmate's participation cannot be compelled." *United States v. Boyd,* 608 F.3d 331, 334 (7th Cir. 2010). In the Motions before the Court, Edwards protests that the BOP is following this Court's sentencing instructions from 2000 and "has been arbitrarily compelling [him] to participate in the IFRP . . . by interpreting the district court's order as being mandatory."

In light of recent precedent, that contention is troubling. When expounding the rule from *Boyd,* the Seventh Circuit has explained that any order requiring an inmate to participate in the IFRP is not enforceable. *United States v. Bedoya,* 393

F.App'x 396, 398 (7th Cir. 2010) ("District courts do not have the power to order participation [in the IFRP], and a written judgment including such an order is unenforceable."). It is unclear why further relief should be required, but if Edwards' participation is still being compelled, then some court action may be necessary.

## II. JURISDICTION

The trouble for Edwards at this stage, as the Government's response makes clear, is that "once a criminal case ends in a sentence[,] the judge's power lapses." *United States v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005). "A post-judgment motion needs a source of authority for the judge to act." *Id.* Rule 52(b), proffered by Edwards as a basis for jurisdiction, is not applicable because that rule is to be used on direct appeal only. *United States v. Frady,* 456 U.S. 152, 164 (1982). But no matter – it is a motion's substance, not its caption, that determines its viability. *United States v. Carraway,* 478 F.3d 845, 848 n.2 (7th Cir. 2007).

One source of authority for this Court could be Federal Rule of Criminal Procedure 35, which allows the sentencing judge to correct certain types of errors within fourteen days after sentencing. But Edwards was sentenced years ago, so Rule 35 is not available. *Carlisle v. United States,* 517 U.S. 416 (1996) (courts lack the authority to extend the fourteen day window).

Similarly, Rule 36 empowers the Court to correct clerical errors and contains no time limit but is no help because Edwards is seeking substantive relief.

Another source of authority for the sentencing judge is 28 U.S.C. § 2255, which authorizes a prisoner in federal custody to argue before the judge who sentenced him that he is entitled to be released. But Edwards is challenging not the fact of his imprisonment but an ancillary order regarding collection of a fine. *Barnickel v. United States,* 113 F.3d 704, 706 (7th Cir. 1997) (holding that challenge to restitution component of sentence is not cognizable on collateral review under § 2255 because an order to pay restitution does not constitute "custody"); *Bedoya,* 393 F.App'x at 398 (explaining that "the IFRP is a collection tool, not a type of 'sentence'"). So, the motions cannot be treated as petitions under § 2255. For this reason, however, Edwards' Motions are not barred by the requirement that second or successive petitions first meet the approval of the court of appeals. *Guyton v. United States,* 453 F.3d 425, 427 (7th Cir. 2006) (noting that claims that do not arise under § 2255 are not subject to the bar on second or successive petitions).

The other federal *habeas* statute, 28 U.S.C. § 2241, is available to federal prisoners who wish to challenge the execution but not the validity of their sentence. *Valona v.*

*United States,* 138 F.3d 693, 694 (7th Cir. 1998). Courts agree that complaints about the BOP's administration of the IFRP are cognizable under § 2241 because the IFRP "is a means of executing an inmate's sentence." *Ihmoud v. Jett,* 272 F.App'x 525, 526 (7th Cir. 2008); *Moore v. Hollingsworth,* No. 11-CV-049, 2011 WL 4374561, at *2 (S.D. Ill. Sept. 19, 2011), *affirmed,* 492 F.App'x 648 (7th Cir. 2012). But § 2241 does not give this Court jurisdiction over the present motions because this is the wrong district (Pekin is located in the Central District of Illinois) and the Government is the wrong respondent. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Despite the inapplicability of the usual sources of jurisdiction, the Court is convinced that it may hear Edwards' motions. Sentencing courts are empowered by 18 U.S.C. § 3572(d)(3) to adjust a fine where the defendant later complains of financial hardship. This section provides as follows:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require

> immediate payment in full, as the interests
> of justice require.

18 U.S.C. § 3572(d)(3).  The Seventh Circuit has held that this provision can confer on the sentencing court subject-matter jurisdiction to entertain a post-judgment motion seeking "clarification of the sentencing order" regarding payment of a criminal fine.  *United States v. Goode,* 342 F.3d 741, 743 (7th Cir. 2003).  Edwards meets the statute's most obvious requirement – hardship – because he has asserted repeatedly that he is having trouble paying the fine.  But the jurisdictional question is more nuanced, and the Seventh Circuit has identified two other conditions that must be satisfied before the district court may base its jurisdiction on § 3572(d)(3):  first, the judgment must permit payment in installments, and second, the Court must not have delegated to another entity the discretion to collect the fine.  *See, United States v. Dawson,* 547 F.App'x 783, 785 (7th Cir. 2013).

The first requirement is satisfied easily.  The Court ordered Edwards to pay his fine "over the term of imprisonment."  With this language, the Court provided that the fine would be paid in installments "over the period provided by the court."  18 U.S.C. § 3572(d)(1).

The second requirement is trickier, as the Court ordered Edwards to pay the fine "by participating in the [IFRP]."

Ostensibly at least, the Court delegated to the IFRP the authority to collect the fine. However, when a court orders payment in installments, the Court lacks the power "to delegate to the administrative staff the specification of a payment schedule." *United States v. Yahne,* 64 F.3d 1091, 1097 (7th Cir. 1995) (vacating the district court's order delegating to the probation office the establishment of a payment schedule for the defendant's fine). Similarly here, the Court allowed for payment in installments and thus could not delegate away the specification of a payment schedule. And as explained above, the Court could not have required Edwards' participation in the IFRP even if the Court could delegate its authority. *Boyd,* 608 F.3d at 334. Thus, any avowed delegation to the BOP was ineffective and the Court retains jurisdiction under § 3572(d)(3) to consider Defendant's Motions.

The Court sees fit to point out that courts *do* have the authority to delegate collection of a fine where payment is ordered due immediately and the defendant is unable to pay immediately. *See, In re Buddhi,* 658 F.3d 740, 741-42 (7th Cir. 2011). In *Dawson,* a case similar to this one but where the Court lacked jurisdiction, the district court had ordered the defendant to pay his fine immediately and "delegated to the IFRP its discretion to collect his fine." *Dawson,* 547 F.App'x at 785. That delegation was effective because when a fine due immediately

is not paid immediately, responsibility for collection lies with the Attorney General, not the Court, and the Attorney General may delegate his authority to the BOP. *Id.; see also, In re Buddhi,* 658 F.3d at 742. The district court in *Dawson* lacked jurisdiction under § 3572(d)(3) to hear the defendant's motion because the court had delegated its authority to the BOP previously and that delegation was effective. *Dawson,* 547 F.App'x at 785. *Dawson* does not apply to this case because Edwards' fine was payable in installments, not immediately.

### III. THE IFRP

Now assured of its jurisdiction, the Court has no difficulty recognizing the discord between the Court's June 1, 2000 instruction and more recent Seventh Circuit precedent, including *Boyd*. While Edwards' sentence will stand, any parts of this Court's previous orders that indicated that Edwards would be required to participate in the IFRP are hereby modified to reflect that Edwards is encouraged but not required to enroll in the IFRP so that he may meet his financial obligations. While Edwards may lose certain benefits should he choose to abstain, his participation shall be of his own volition or not at all.

### IV. CONCLUSION

Accordingly, for the reasons stated herein, Defendant's Motions [ECF Nos. 1049, 1062, 1063] are granted. Edwards' most

recent Motion [ECF No. 1076], which is entitled "motion to rebuttal the government's response motion" but is essentially a motion for leave to file a reply brief, is granted.

**IT IS SO ORDERED.**

                                  Harry D. Leinenweber, Judge
                                  United States District Court

Date:6/4/2014